JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Omar McKie
3811 Mount Vernon Street
Philadelphia, PA 19104

**DEFENDANTS**
Sodexo Management, Inc.
9801 Washingtonian Blvd
Gaithersburg, MD 20878

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Esq., Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C.A. § 215(a)3

Brief description of cause:
FLSA - Retaliation

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/28/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Omar mckie      :      CIVIL ACTION

v.      :

Sodexo management, Inc. :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (✓)

| 11/28/18 | Graham F. Baird | Omar mckie |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267.546.0131 | 215-944-6124 | grahamb@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3811 Mount Vernon St, Philadelphia PA 19104

Address of Defendant: 9801 Washingtonian Blvd, Gaithersburg MD 20878

Place of Accident, Incident or Transaction: 2029 N Broad St, Philadelphia PA 19122

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/28/18     _____     92692
    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/28/18     _____     92692
    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR MCKIE<br>3811 Mount Vernon Street<br>Philadelphia, PA 19104 | : | |
| | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| SODEXO MANAGEMENT, INC.<br>9801 Washingtonian Blvd<br>Gaithersburg, MD 20878 | : | |
| | : | |
| Defendants | : | |

### CIVIL ACTION COMPLAINT

**I.  Parties and Reasons for Jurisdiction.**

1.  Plaintiff, OMAR MCKIE (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.  Defendant, SODEXO MANAGEMENT, INC. ("Defendant") is a business entity, organized by and operating under to the laws of the State of Maryland and owning, operating and doing business at the above captioned Easton, Pennsylvania address.

3.  This action is instituted for violations of the Fair Labor Standards Act (29 U.S.C. § 215(a) (3).

4.  Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

5.  Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

6.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

7.      On or around September 1, 2015, Plaintiff was hired by Defendant as a food service supervisor for Temple University dining hall.

8.      Beginning immediately upon his hire, Plaintiff often found himself working overtime, up to fifty (50) hours per week.

9.      However, Defendant's manager, Sarah Mays, would change the code of the hours he worked to "bereavement" in their payroll system so that Plaintiff would only be paid straight hours, and not time and a half as he should have for overtime hours.

10.      Plaintiff approached Ms. Mays and asked about the overtime pay, to which she responded that they "weren't allowed" to give overtime pay, but that she would "fix it."

11.      Approximately one (1) month following this interaction, Plaintiff discussed the problems with Ms. Mays' supervisor, Rich, in the bathroom.

12.      Plaintiff asked Rich if it was normal for overtime hours to be changed to bereavement time, if you hadn't been out of work for a funeral.

13.      Rich was surprised and stated that was not normal, and that he would "look into it".

14.      Later that day, Plaintiff was approached by Ms. Mays who was upset and told Plaintiff that if she said she was going to fix something, then she would fix it, and that Plaintiff shouldn't have "gone over [Ms. Mays'] head."

15.      Plaintiff was shocked with the tone and expletives that were being used toward him and made no response.

16.     Even following this discussion, Plaintiff did not receive the additional overtime pay.

17.     Shortly following this, Plaintif's hours were cut, from fifty (50) hours to around thirty (30).

18.     On or about November 18, 2016, as Plaintiff was preparing to leave for the day, Ms. Mays summoned Plaintiff to a meeting with herself and Defendant's human resources director Heather [last name unknown].

19.     Ms. Mays explained that Plaintiff was being suspended pending an investigation regarding allegations of Plaintiff stealing company time.

20.     Ms. Mays stated that on November 15, 2016, Plaintiff was accused of stealing time because he was in the lobby, while still clocked in, waiting for the dish washer to finish so they could leave.

21.     This was normal procedure for Plaintiff, as he was supposed to be the last one out of the facility so that he could lock up.

22.     On November 28, 2016, Plaintiff submitted a statement regarding the supposed time stealing offense.

23.     Following the submission of that statement, Plaintiff was "suspended indefinitely", and to date has never been contacted regarding the outcome of the investigation nor the reinstatement of his employment.

24.     In terminating the Plaintiff, Defendant retaliated against Plaintiff for his complaint regarding his overtime pay.

25.     As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

**COUNT I – FLSA--RETALIATION**
**(29 U.S.C.A. § 215(a)3)**
**(Plaintiffs v. Defendants)**

26.     Plaintiff incorporates paragraphs 1-25 as if fully set forth at length herein.

27.     At set forth above, Plaintiff made a complaint about his wages, excessive hours and overtime, and as such, Plaintiff was engaged in protected activity under the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

28.     Defendants took adverse action against Plaintiff by terminating his employment.

29.     As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate his employment.

30.     As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3) Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

31.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

32.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

33.     Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 210 et seq., Plaintiff demands attorneys fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff Omar McKie demands judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.   Interest, delay damages; and,

E.   Any other further relief this Court deems just proper and equitable..

LAW OFFICES OF ERIC A. SHORE, P.C.

BY:_____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff, Omar McKie

Date: 11/28/18